FILED
U.S. DISTRICT COURT
2008 OCT 24 PM 2: 55
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 108-107 |
| | ) | |
| THADDEUS DEMARCO BRADSHAW | ) | |

## ORDER

Defendant Thaddeus Demarco Bradshaw filed a motion requesting that the government provide notice of its intention to rely on evidence at trial that is arguably subject to suppression. Defendant filed this motion to require the government to give notice of its intention to use any evidence in its evidence-in-chief at trial which he is entitled to discover under the Federal Rules of Criminal Procedure. Defendant seeks an opportunity to suppress any such evidence, attack the relevancy and materiality of such evidence, and review such evidence. Rule 12 of the Federal Rules of Criminal Procedure is not a discovery Rule. Furthermore, the Rule's purpose is limited to providing notice of discoverable evidence that Defendant may wish to suppress. To require the government to give notice of all the evidence to be used in the case would bring the government's investigation to an end. The Court is aware of the government's policy in this case to provide "open file" discovery, a policy which results in disclosure of documents and things not required to be disclosed pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure. This should effectively eliminate any possibility of surprise.

It must be remembered that pursuant to Rule 12(b)(4)(B), "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." It is clear that what the government is required to disclose early on in the pendency of the case is evidence gathered from searches and seizures including electronic monitoring, and statements and confessions, all of which may be subject to suppression upon motion by Defendant. In essence the Rule requires the government to make early disclosure of these matters to allow the Court to determine any suppression motions prior to trial thereby avoiding needless delay during trial. The government's "open file" discovery policy in this case addresses all of these concerns. The government is reminded that its duty to disclose is a continuing one, and any "arguably" suppressible evidence coming into its possession after its initial discovery disclosures must be disclosed as soon as practicable. Accordingly, Defendant's motion is **MOOT**. (Doc. no. 12).

Defendant also filed a "Motion to Inspect, Examine, and Test Physical Evidence." (Doc. no. 20). This motion is **GRANTED**, subject to the following terms and conditions:

(a) Counsel for Defendant must determine which items of physical evidence he wishes to have tested or examined by experts of his own choosing and submit a list of such items to the government;

(b) Counsel for Defendant shall confer with the government's attorney to work out the availability of substances or materials to be tested;

2

(c) Any testing by experts on behalf of Defendant must be completed within fifteen (15) days of the date of this Order;

(d) A representative of the government qualified in the field of such testing shall be present to observe the testing procedures and technique used by Defendant's experts. In addition, testing shall not be performed without the presence of the government's technical observer; and

(e) A copy of the test or laboratory results obtained by Defendant's experts shall be served upon the government's representative not later than five (5) days after conducting the actual test.

Lastly, Defendant filed motions to preserve evidence, including rough notes of agents, and one of the motions requests that the Court conduct an *in camera* inspection of the rough notes of agents.[1] (Doc. nos. 13, 21). As to the first request to preserve evidence, Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. However, the Court declines Defendant's invitation to conduct an *in camera* review of the government's evidence. Defendant has

---

[1]The Court is aware that Defendant has various other pre-trial and discovery motions pending. Those motions will be addressed, as necessary, by separate order.

3

made no showing whatsoever of the need for such review. The government is under a continuing obligation to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Giglio, 405 U.S. 150 (1972).

Accordingly, these motions are **GRANTED in PART and DENIED in PART**. The government is required to preserve all evidence in this case, but at this time, the Court will not order the production of agents' notes or conduct an *in camera* hearing.

SO ORDERED this 24th day of October, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE